■ EDGEWATER, GROWTH CAPITAL PARTNERS, L.P., Appellant-Respondent, v ALLIED CAPITAL CORPORATION et al., Respondents-Appellants. [899 NYS2d 4]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered November 7, 2008, that in this breach of contract action, granted defendants' motion to dismiss plaintiff's first cause of action and denied the motion to dismiss the second cause of action, and order, same court and Justice, entered July 20, 2009, granting plaintiff's motion to reargue, and, upon reargument, adhering to its prior determination dismissing the first cause of action, unanimously affirmed, with costs.

Plaintiff and defendants are junior lenders under a credit agreement dated as of January 3, 2006. Pursuant to section 15.12 of the credit agreement, the agent for the junior lenders, defendant Allied Capital Corp. (Allied), could not release any liens that affected or impaired the borrower's obligations.

The court properly dismissed plaintiff's first cause of action alleging that defendants breached section 15.12 of the credit agreement by releasing all or substantially all of the liens on collateral securing loans the parties funded. Plaintiff asserts that: (1) by entering into a settlement agreement and agreeing to a foreclosure of the borrower's assets that the senior lender initiated, and (2) by releasing liens under that agreement, defendants Allied and Maps CLO Fund I, LLC (Maps) necessarily affected or impaired the borrower's obligations under the credit agreement. However, when plaintiff became a junior lender, it executed a "Fourth Amendment" to the credit agreement, whereby, under section 4 (o), it gave up certain voting rights under the credit agreement, including those rights section 14.1 (f) contained. Section 14.1 (f) required the agent Allied to obtain the consent of affected junior lenders before releasing any lien, "other than as permitted by Section 15.12." Thus, with proper consent, Allied had authority to release liens that it could not otherwise release under 15.12. Because plaintiff waived its right to consent under this provision, only the consent of Maps, the other junior lender, was necessary. Maps clearly consented because Maps executed the settlement agreement that releases the liens at issue.

The court also properly declined to dismiss plaintiff's second cause of action. This cause of action alleges that defendants breached section 14.1 (c) and (i) of the credit agreement by reducing or releasing, or agreeing to reduce or release obligations the borrowers had to the junior lenders. Section 14.1 (c) and (i) require the consent of all junior lenders to reduce the principal or interest on any loan, or to release the borrower from any obligation. Section 4 (a) of the settlement agreement states that it does not release these obligations. However, it also expressly purports to release any claims for breach of the credit agreement. By releasing the liens and any claims under the credit agreement, and by agreeing to the foreclosure sale, defendants may have impaired the ability of the junior lenders to recover because foreclosure would strip the borrower of any assets with which to satisfy claims by the junior lenders. That Allied and Maps could have assigned their loans, pursuant to article 13 of the credit agreement is of no moment. Any such assignment would still be subject to the credit agreement, and, to

the extent enforceable, to the settlement agreement. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Acosta and Renwick, JJ. **[Prior Case History: 2008 NY Slip Op 33021(U).]**